## Lancaster County Bank *versus* Albright.

1. He is guilty of a fraud, who secretly changes a state of affairs, and then, without revealing this fact, procures another to do an act into which the true state of affairs enters as a motive.

2. If a creditor, knowing that his debtor is in failing circumstances, gets from him, for part of his claim, a mortgage substantially covering all his property, and gets the debtor to obtain the endorsement of another person for another part, without revealing the fact of the mortgage, this is a fraud upon the endorser and discharges him from liability.

3. Where persons, assuming to act for another in securing a claim, are guilty of fraud in the transaction, the creditor must go back to his old position if he would repudiate the fraud of the new arrangement.

4. A general prayer for a charge that there is no evidence of a particular fact is not good practice. A better way is to call on the opposite counsel to indicate in writing the evidence relied on, and the Court may, in a proper case, enforce the demand; and then the question will be one of shape and body upon which a well defined instruction can be given.

ERROR to the Court of Common Pleas of *Lancaster county.*

This was an action of *assumpsit* by the Lancaster County Bank *v.*

[Lancaster County Bank *v.* Albright.]

Jacob Albright on an accommodation endorsement, by Jacob Albright, of a promissory note of J. Howett, at sixty days, for $500, dated April 1, 1848. The plea was payment, and the defence relied on appears in the following proposition submitted on the part of *the defendant,* and affirmed by the Court, viz.: If the note now in suit was discounted to pay a note previously endorsed for Howett by Albright, and which had been suffered to lie over after due, without protest; and if the bank had suffered Howett to overdraw his account by three or four thousand dollars; and, having discovered his insolvency, said bank procured him to mortgage his property to them for its full value; and then caused him to go to Albright and get his endorsement, they knowing Howett to be wholly insolvent and concealing that fact, and Albright being ignorant of it; and if the directors of said bank, or some of them who had an active agency in the transaction, refused to renew their endorsements for Howett which had lain over without protest, but secured the same by said mortgage, then the procuring of the note in question, in the manner stated, is a fraud, and the plaintiff cannot recover.

2. " Until the note was actually discounted by the Bank upon the 20th, the endorser had a right to countermand the endorsement."

On the part of the *plaintiff* a point was submitted, viz.: 2. As there is no evidence of the directors of the bank having acted in the management of the mortgage, &c., on the 19th of April, the act of one director did not commit the *Board of Directors,* as to the act of the one director.

To this point the Court answered, that if there was no evidence of the directors of the bank having acted in the arrangement of the mortgage, the act of one director, unless he acted by authority of the board, or his acts were afterwards ratified by the board, would not commit the bank.

To the defendant's points the Court answered, that in a transaction such as this, " it is the duty of the parties to act fairly and honestly; and if there be any concealment, it will operate to the injury of the party using the concealment. If, therefore, the plaintiff was guilty of the conduct stated in this point, it would be a good defence; but any knowledge which some of the directors may have had, with regard to the matter of defence in this case, not acting by the direction of the Board of Directors, and not communicated to the directors, would not bind the plaintiff."

2. The defendant had a right to countermand the endorsement of the note before it was discounted; but if directions had been given to have the note renewed, and this note, as a renewal, was endorsed after such directions had been given by the directors, and in pursuance of such directions, such notice would not avail the defendant.

U

The evidence as to the complicity of the bank consisted of testimony with the view of showing, that, in the matter of securing the bank's claims, the cashier and one director acted for the bank, obtained the mortgage, spoke of the Albright endorsement, and left it out of the mortgage, with the understanding that Howett was to get Albright to endorse again, though the old note was then about twenty days overdue, and the endorser discharged.

April 28, 1852, verdict for defendant.

Error was assigned to the answer to the two points on part of the defendants.

Also to the portions of the charge in which the Court said, that if the bank, having discovered the insolvency of Howett, procured him to mortgage his property to them for its full value, and then caused him to go to Albright and procure his endorsement, this would be a good defence.

4. Also, to the part of the charge in which it was said, that if a creditor has knowledge of the insolvency of his debtor, and procures another one to become his surety, withholding his knowledge from the surety, it is a legal fraud of which the surety can take advantage.

5. To another portion, viz.: that the mere knowledge of the cashier or the officers of the bank, of the insolvency of Howett, without being communicated to the bank, or evidence given that they acted under the instructions of the bank, will not be binding upon the bank.

*Ehelman* and *Ford* were for plaintiff in error.

*Stevens*, for defendant in error.—As to the matter of concealment, reference was made to 2 *Kent* 482–3–4. Concealment or fraud by an agent is as fatal as if practised by the principal: *Chitty on Con.* 679; 1 *Arch. N. P.* 119.

There was no consideration for the renewed note, unless it was treated as a new discount, or the proceeds applied to the former note. But from that note Albright was discharged: 2 *Harris* 525, Smith *v.* Philadelphia Bank.

Notice to the cashier is notice to the bank: 7 *W. & Ser.* 333, Boggs *v.* Lancaster Bank. Notice to an agent is notice to his principal. Knowledge is notice even in penal Acts : 2 *McLean's Rep.* 396, Jones *v.* Van Zandt.

The opinion of the Court was delivered by

LOWRIE, J.—The marrow of the decision of the Court below is, that if a creditor, knowing that his debtor is in failing circum-

[Lancaster County Bank *v.* Albright.]

stances, gets from him, for part of his claim, a mortgage substantially covering all his property, and gets the debtor to obtain the endorsement of another person for another part, without revealing the fact of the mortgage, this is a fraud upon the endorser, and discharges him from liability. This proposition could not be disputed in this case, unless by a mind pre-occupied by the fact that this was a renewal of an old endorsement; but that fact is set aside when it is noticed that the previous endorsement had been discharged by the omission of demand and notice. It is only saying that he acts fraudulently who secretly changes a state of affairs, and then procures another to do an act, into which the true state of affairs enters as a motive.

It is objected, however, that there was no evidence of the bank's participation in the transaction. But it happens that there is evidence that two of the bank's officers were engaged in it, and the bank is now claiming the benefit of their action. They must go back to their old position if they would repudiate the fraud of the new arrangement.

We say it happens that there is evidence; and by that we mean that this point does not appear to have been plainly taken in the Court below; and it is not to be expected that the record sent up here shall contain evidence on points not raised as questions of law. A bill of exceptions brings up only the evidence that is relevant to them, and not all the evidence in the cause. The Court is not bound to write down the evidence taken before the jury, nor even to remember it all. At least it is not error in the Court to forget some of it. And when the Court is asked to say that there is no evidence on a particular point, we cannot prevent them from saying, " We do not remember, let the jury decide that."

The counsel for the defendant embodied in a proposition the facts on which he relied for the inference of fraud; and this is the best practice where points are thought to be necessary. A general prayer, for a charge that there is or is not evidence of a particular fact, is easily evaded by the bad memory of the Court; and how can we correct this? A judge ought to have a good memory and great decision of character; but if he lacks either, a Court of error can do very little to supply the defect. Counsel are entitled to have the principles of law applicable to their client's case, clearly presented by the Court to the jury; but this often requires skill on their part, in presenting their points. There is no skill and no point in a request for a charge that there is no evidence of a particular fact. A better way is to call on the opposite counsel to indicate in writing the evidence relied on, and the Court may, in a proper case, enforce the demand; and then the question will be one of shape and body, upon which a well defined instruction can be given. But to expect this Court to

reverse a case on the general allegation, first made here, that there was a defect in the evidence, is to expect too much.

Judgment affirmed.